COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALESSANDRO CAMERON MARSH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH IQ INSURANCE SERVICES, INC., a foreign corporation,<br><br>Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Alessandro Cameron Marsh (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.     PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. Defendant is licensed by the State of Nevada for purposes of selling and servicing insurance policies.

### B. VENUE

5. Venue is proper as Defendants do business within and throughout the area of the District of Nevada, are subject to the Court's personal jurisdiction, and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

6. Plaintiff is a natural person and resident of the State of Nevada.

7. Upon information and belief, Defendant, Health IQ Insurance Services, Inc. (hereinafter "Defendant") is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Nevada.

## IV. GENERAL ALLEGATIONS

8. Defendant is a former employer of Plaintiff.

9. Plaintiff never provided his contact information for any purpose other than employment related activities.

10. Plaintiff has received a series of automated telephone calls from Defendant on Plaintiff's cell phone.

11. At all times relevant hereto, Plaintiff had a cellular telephone number 619-XXX-2140 (hereinafter the "DNC Number").

12. Plaintiff registered the DNC Number on the National Do-Not-Call Registry in 2021 in order to obtain solitude from unwanted telemarketing calls.

13. Plaintiff primarily used the DNC Number for residential purposes.

14. A minimum of 30 calls were made to the DNC Number.

15. Upon information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

16. Plaintiff did not authorize the automated placement of calls to the DNC Number for the purpose of commerce or solicitation and was no longer an employee of Defendant at the time the subject calls were made to the DNC Number.

17. On or around November 21, 2021, Plaintiff sent a cease and desist letter to Defendant demanding the calls cease.

18. All commercial calls to the DNC Number by Defendant were made without authorization.

19. Upon information and belief, Defendant placed additional solicitation calls to Plaintiff that are not reflected above.

20. Defendant's calls were not made for "emergency purposes."

21. Defendant's incessant calls were bothersome, irritating, disruptive, and frustrating for Plaintiff to endure.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Violation of the TCPA 47 U.S.C. §227(b))

23. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatically generated or pre-recorded voice.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

28. Defendant violated the TCPA by placing automated calls to Plaintiffs' cell phone.

29. Accordingly, Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

## SECOND CLAIM FOR RELIEF

**(Violation of the TCPA 47 U.S.C. §227(c))**

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered the telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the National Do-Not-Call Registry since 2021.

35. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the National Do-Not-Call Registry.

36. Each of the offending calls from Defendant were to solicit services or products.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

2. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

3. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

4. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

5. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

6. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

7. Any other relief this Honorable Court deems appropriate.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 9th day of March, 2022.

COGBURN LAW

By: /s/Erik W. Fox
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*